```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/29/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRYSAL CROSLEY, as Parent and Natural Guardian of Z.C., and CRYSAL CROSLEY, Individually,

SVETLANA NISANOVA, as Parent and Natural Guardian of R.N., and SVETLANA NISANOVA, Individually,

SVETLANA NISANOVA, as Parent and Natural Guardian of Y.N., and SVETLANA NISANOVA, Individually,

　　　　　　　　Plaintiffs,

-against-

DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and THE NEW YORK CITY DEPARTMENT OF EDUCATION,

　　　　　　　　Defendants.

1:22-cv-7101 (MKV)

ORDER DENYING
PRELIMINARY INJUNCTION

MARY KAY VYSKOCIL, United States District Judge:

　　　Plaintiffs are two sets of parents who commenced this action on behalf of their three minor children, each of whom has been classified as a student with a disability pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq*. [ECF No. 1]. Plaintiffs sought payment for private school tuition, in addition to payment for related services and transportation services that were provided to the students during the 2021-2022 school year. Plaintiffs moved for a preliminary injunction in August 2022, seeking an Order directing the New York City Department of Education to pay for these services immediately. [ECF Nos. 6-8]. The Court held a Status Conference shortly thereafter, at which Defendants represented that they had processed certain payments and expected Plaintiffs to receive funds within 10 business days.

Pursuant to the Court's order, the Parties filed a Joint Status Letter on September 19, 2022, advising the Court that all relevant payments had been made, with the exception of payment for nursing services for one of the students. [ECF No. 19]. Plaintiffs proposed a cushy month-long briefing schedule to address this remaining issue, which the Court (skeptically) permitted. [ECF No. 20]. But despite having no shortage of time, Plaintiffs submitted briefing that was utterly deficient. The briefing failed to discuss whether (or how) Plaintiffs would suffer irreparable harm absent injunctive relief or whether the public interest weighed in favor of granting such relief—essential elements of a preliminary injunction claim.[1] *See Kane v. De Blasio*, 19 F.4th 152, 163 (2d Cir. 2021). In fact, the briefing failed to even mention that Plaintiffs were requesting a preliminary injunction. [ECF Nos. 21, 25]. Only the merits were briefed, which is not enough to grant injunctive relief at this early stage.[2]

Accordingly, Plaintiffs' motion for a preliminary injunction is hereby DENIED.

**SO ORDERED.**

Date: **November 29, 2022**  
**New York, NY**

*(signature)*  
**MARY KAY VYSKOCIL**  
**United States District Judge**

---

[1] While these elements are discussed in Plaintiffs' initial motion for a preliminary injunction [ECF No. 8], which the current motion is seemingly meant to supplement, that initial motion never mentions nursing services and, critically, was filed *before* Defendants made all other relevant payments. That initial motion is therefore stale and cannot be the basis for granting a preliminary injunction.

[2] In their opposition, Defendants request that Plaintiffs be directed to provide attendance records reflecting actual dates of attendance, to determine whether any overpayment has been made with respect to transportation services. [ECF No. 23]. Such a request is even more premature than Plaintiffs' request for a ruling on the merits. Defendants have not responded to the Complaint and have not sought relief by cross-motion. This is not a free-for-all.