```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/15/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CRYSAL CROSLEY, as Parent and Natural Guardian of Z.C., and CRYSAL CROSLEY, Individually,

SVETLANA NISANOVA, as Parent and Natural Guardian of R.N., and SVETLANA NISANOVA, Individually,

SVETLANA NISANOVA, as Parent and Natural Guardian of Y.N., and SVETLANA NISANOVA, Individually,

      Plaintiffs,

-against-

DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and THE NEW YORK CITY DEPARTMENT OF EDUCATION,

      Defendants.

1:22-cv-7101 (MKV)

ORDER DENYING
MOTION FOR RECONSIDERATION

---

MARY KAY VYSKOCIL, United States District Judge:

  On November 29, 2022, the Court issued an Order denying Plaintiffs' motion for a preliminary injunction because Plaintiffs submitted briefing that "failed to discuss whether (or how) Plaintiffs would suffer irreparable harm absent injunctive relief or whether the public interest weighed in favor of granting such relief—essential elements of a preliminary injunction claim." [ECF No. 28] ("Op."). As such, the Court concluded that Plaintiffs had not carried their burden to show an entitlement to the extraordinary remedy of injunctive relief. Plaintiffs now move for reconsideration of that decision.

  Reconsideration of an opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scare judicial resources." *Schansman v. Sberbank of Russia PJSC*, No. 19 Civ. 2985, 2022 WL 4813472, at *1 (S.D.N.Y. Sept. 30, 2022)

(citation omitted). The standard must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Girl Scouts of the U.S.A. v. Boy Scouts of Am.*, No. 18 Civ. 10287, 2020 WL 6323130, at *1 (S.D.N.Y. Oct. 28, 2020) (citation omitted). "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

Plaintiffs' motion has no merit. Plaintiffs argue that the Court committed clear error by denying the preliminary injunction before endorsing Plaintiffs' proposed order directing Defendants to show cause why the preliminary injunction should not be granted. It is not clear why Plaintiffs thought it was necessary to propose such an order, or why Plaintiffs presume that the Court could not decline endorsing the proposed order to show cause. The Court is not obligated to sign a proposed order to show cause, which is intended to expedite the briefing schedule, when Plaintiffs later proposed a lengthy briefing schedule for their preliminary injunction motion, which the Court granted.

Plaintiffs also complain that they should be excused for failing to brief all the elements of a preliminary injunction claim in their briefing because the Court did not explicitly "direct the Parties to address the standard of injunctive relief." [ECF No. 3] ("Pls. Br.") at 3. But the briefing was requested in connection with Plaintiffs' motion for a preliminary injunction—no other relief could be obtained at that juncture and no other standard could apply. The Court did not commit any error, let alone clear error, in denying Plaintiffs' motion for a preliminary injunction based on the deficient briefing.

Reconsideration of an opinion of the Court is an extraordinary remedy in part because of the need to preserve scarce judicial resources. Plaintiffs' current motion abuses those resources. Rather than burden Defendants unnecessarily with filing a response, the Court concludes based on Plaintiffs' briefing alone that the motion for reconsideration has no merit and must be denied.[1]

Plaintiffs also request that the Court allow the parties to appear for oral argument on the narrow issues remaining in this case, or to submit additional briefing on those issues. That request is denied as premature.

The Clerk of Court respectfully is requested to close the Motion at ECF No. 29.

**SO ORDERED.**

**Date:  December 15, 2022**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

---

[1] The Court notes that it is somewhat perplexed by Plaintiffs' motion for reconsideration given that they claim to have previously indicated in a joint status letter that "a preliminary injunction <u>was no longer necessary</u>." Pls. Br. at 5 (emphasis in original).