

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 Church Street
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**MARILYN RICHTER**
(212) 356-2083
mrichter@law.nyc.gov
*Assistant Corporation Counsel*

May 10, 2023

**BY ECF**
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Crosley et. al v. Banks et. al</u>, 22-CV-07101 (MKV)

Judge Vyskocil:

 I am an attorney in the in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing the Defendants in the above-referenced matter. We are filing an amended memorandum of law. The substance of the memorandum is unchanged. We are filing a second one because, due to technological errors, the first contained an unreadable table of contents. We apologize for the additional documents on the Court's docket.

Respectfully Submitted,

/s/ _____

Marilyn Richter
Assistant Corporation Counsel

Case No. 22-CV-7101 (MKV)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRYSAL CROSLEY, as Parent and Natural Guardian of Z.C., and CRYSAL CROSLEY, Individually,

SVETLANA NISANOVA, as Parent and Natural Guardian of R.N., and SVETLANA NISANOVA, Individually,

SVETLANA NISANOVA, as Parent and Natural Guardian of Y.N., and SVETLANA NISANOVA, Individually,

Plaintiffs,

-against-

DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION AND IN SUPPORT OF ITS CROSS MOTION FOR SUMMARY JUDGMENT**

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007

Of Counsel: Marilyn Richter
Tel: (212) 356-2083
Matter No. 2022-052246

*Date of Service: May 10, 2022*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS................................................................................................I

TABLE OF AUTHORITIES .........................................................................................II

**PRELIMINARY STATEMENT** ............................................................................... 1

**STATEMENT OF FACTS**........................................................................................ 2

**ARGUMENT** ............................................................................................................ 7

      POINT I ........................................................................................................... 7

           DOE is only required to fund transportation costs
actually provided, as dictated by the plain language
of Z.C.'s FOFD, and so payment must be
contingent upon proof of in-person attendance ......................................... 7

      POINT II .......................................................................................................... 13

           The final administrative decision, by its plain
language, did not award nursing and Plaintiff did
not appeal this decision.......................................................................... 13

**CONCLUSION** ........................................................................................................ 17

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

*Abrams v. Carranza,*
   No. 20-cv-5085, 2020 U.S. Dist. LEXIS 189292
   (S.D.N.Y. Oct. 13, 2020),
   *aff'd sub nom. Abrams v. Porter*, No. 20-cv-3899, 2021 U.S. App. LEXIS
   36362 (2d Cir. Dec. 9, 2021) ...................................................................................................8

*Abrams v. N.Y.C. Dep't of Educ.,*
   2022 U.S. Dist. LEXIS 31105
   (S.D.N.Y. Feb. 22, 2022) ...................................................................................................3, 13

*B.P. v. New York City Dep't of Educ.,*
   841 F. Supp. 2d 605 (E.D.N.Y. 2012) ....................................................................................15

*D.A.B. v. N.Y.C. Dep't of Educ.,*
   45 F. Supp. 3d 400, 405 (S.D.N.Y. 2014) .............................................................................16

*Donohue v. Banks,*
   No. 22-cv-8998 (JPC), 2022 U.S. Dist. LEXIS 230121
   (S.D.N.Y. Dec. 19, 2022) ......................................................................................................11

*M.Z. v. N.Y.C. Dep't of Educ.,*
   2013 U.S. Dist. LEXIS 47052
   (S.D.N.Y. Mar. 21 2013) .........................................................................................................6

*Mendez v. Banks,*
   65 F.4th 56 (2d Cir. 2023) ..................................................................................................8, 11

*Mendez v. Banks,*
   No. 1:22-cv-08397 (MKV), 2022 U.S. Dist. LEXIS 185866
   (S.D.N.Y. Oct. 11, 2022),
   *aff'd Mendez v. Banks*, 65 F.4th 56 (2d Cir. 2023) ...............................................................13

*Nutritional Health All. v. Shalala,*
   144 F.3d 220, 225 (2d Cir. 1998) ............................................................................................8

*Polanco v. Porter,*
   No. 1:21-cv-10927-MKV, 2023 U.S. Dist. LEXIS 56989
   (S.D.N.Y. Mar. 31, 2023) ....................................................................................................6-7

*Polera v. Bd. of Educ.,* 288 F.3d 478, 483 (2d Cir. 2002) ............................................................16

*R.C. v. Byram Hills Sch. Dist.,*
   906 F. Supp. 2d 256 (S.D.N.Y. 2012) ....................................................................................15

*Ventura de Paulino v. N.Y.C. Dep't of Educ.*,
   959 F.3d 519 (2d Cir. 2020)................................................................................12

## **Statutes**

34 C.F.R. § 300.514(b)(1)................................................................................6

8 N.Y.C.R.R. § 104.1................................................................................10

8 N.Y.C.R.R. § 104.1(a)(2)................................................................................10

8 N.Y.C.R.R. § 200.5(j)(l)(ii)................................................................................15

8 N.Y.C.R.R. § 200.5(k)................................................................................6

8 N.Y.C.R.R. § 279.4(a)................................................................................7

20 U.S.C. §§ 1400 *et seq*................................................................................2

20 U.S.C. § 1415(F)(3)(B)................................................................................15

20 U.S.C. § 1415(g)(1)................................................................................6

N.Y. Educ. Law § 2-d................................................................................10

N.Y. Educ. Law § 3211................................................................................10

N.Y. Educ. Law § 4404(1)(c)................................................................................15

**<u>Statutes</u>**                                                                        **<u>Pages</u>**

## PRELIMINARY STATEMENT

Defendants David C. Banks and the New York City Department of Education (collectively "DOE" or "Defendants") submit this memorandum of law in support of their opposition of Plaintiffs' motion and in support of their cross motion for partial summary judgment. This federal action arises from the implementation of several underlying administrative decisions in association with Z.C.'s, Y.N.'s and R.N.'s education at the International Institute for the Brain ("iBrain"). The only remaining issues in dispute are to what extent DOE is required to fund Z.C.'s transportation to and from iBrain and whether DOE is responsible for the cost of Y.N.'s nursing services. Explained more fully herein, by the plain and clear language of the underlying administrative orders, DOE is only responsible for transportation costs rendered for actual attendance and Plaintiffs are not entitled to nursing costs.

As set forth in prior communications with the Court, DOE has met its obligations to the student-plaintiffs and is in full compliance with the underlying administrative decisions. To the extent Plaintiffs seek further relief, this request is a blatant attempt to inappropriately re-open litigation in the underlying administrative proceedings. This action is not a matter of implementation of administrative orders. Plaintiffs did not timely appeal the Findings of Fact and Decisions ("FOFD") in contention to the State Review Officer ("SRO") for any of the three students, and have waived their right to do so and waived their right to even advance the arguments in their motion. As such, the FOFDs as written are final and binding. The Court should deny Plaintiffs' application for additional funding and grant Defendants' cross-motion for partial summary judgment in its entirety.

## **STATEMENT OF FACTS**

The pertinent facts are not in dispute. The Plaintiffs are two sets of parents and their three minor children (Z.C., Y.N. and R.C.). All three students have disabilities as defined by the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §§ 1400 *et seq*. and attend iBrain. Plaintiffs initiated administrative due process complaints, seeking funding for iBrain tuition and other services in connection with multiple school years ("SY"). These administrative proceedings resulted in an Order in IH Case No. 224344, dated June 29, 2022 ("Z.C.'s FOFD") and an Order in IH Case No. 225739, dated July 20, 2022 ("Y.N.'s FOFD"), which awarded itemized relief to each student for the 2021-2022 SY. *See* Joint Record ("JR"), at 22, 64 (Dkt No. 36-1).[1] Neither decision was appealed by either party.

In August 2022, Plaintiffs brought this federal action, seeking an order to show cause for a preliminary injunction to immediately compel implementation of the recently issued FOFDs, including tuition costs and the costs of related services, including transportation and nursing services. *See* Complaint, dated August 20, 2022, at ¶¶ 5, 64, 77, 105, 128 (Dkt. No. 1); *see also* Movant's Motion for Preliminary Injunction, Declaration, Memorandum of Law (Dkt. No. 6-8). After DOE made significant progress on implementation and the majority of disputed items were resolved, the Court denied Plaintiffs' request for a preliminary injunction. (Dkt. No. 28). Plaintiffs subsequently filed a motion for reconsideration (Dkt. No. 29-30), which this Court also denied, holding that the Defendants need not file a response and the Court could conclude on Plaintiffs' briefing alone that the motion had no merit and that the motion "abused [scarce judicial

---

[1] As plaintiff-student R.C.'s FOFD is no longer in dispute, their claims will not be discussed in this motion.

resources].” *See* Order Denying Motion for Reconsider, dated December 15, 2022, at 3 (Dkt No. 32).

Because the majority of the underlying administrative decisions had been implemented at that point, the parties agreed that the remaining two unresolved issues could be resolved through motions for partial summary judgement. *See* letter addressed to the Court, dated January 25, 2023 (Dkt. No. 34). DOE does not dispute that Plaintiffs are entitled to funding for services according to the terms set forth in the underlying FOFDs. Indeed, as of the date of this memorandum, DOE has authorized, processed, and/or fully made payments for tuition and related services for all three students, as ordered in all of the underlying administrative decisions. *See* Joint Letter, dated September 19, 2022 (Dkt. No. 19). Additionally, DOE has also issued separate payments for transportation services for Z.C.. *Id.*; *see also* Declaration of Sapna Kapoor, ¶ 11 (Dkt. No. 24) (hereinafter, “Kapoor Declaration”)

The only remaining disputed issues are funding in regards to Z.C.’s transportation costs and Y.N.’s nursing services. Z.C.’s FOFD did award transportation services for the 2021-2022 SY and specified DOE’s financial obligation was limited to the “**actual number of days** … [Z.C.] was transported as supported by certified contemporaneous billing records.” JR 22 (emphasis added). Explaining the reasoning behind this award in Z.C.’s FOFD, Impartial Hearing (“IH”) Officer Suzanne M. Carter noted that iBrain offered the parents one option for transporting the student to and from school. The original transportation agreement between Plaintiff-parent and Sisters Travel and Transportation Services (“Sisters”)[2] did not differentiate between days service

---

[2] It should be noted that Sisters Travel and Transportation Services, LLC provides specialized transportation services to students attending iBrain. *See Abrams v. N.Y.C. Dep’t of Educ.*, 2022 U.S. Dist. LEXIS 31105, at *2 (S.D.N.Y. Feb. 22, 2022). Patrick Donohue is the founder of both iBrain and the law firm representing plaintiffs here (*see* iBrain, Staff Directory, archived at https://perma.cc/N5NT-TWSX; Brain Injury Rights Group, Meet Our Team, archived at

were provided and days service were not provided and the IH Officer found that it was a contract

of adhesion because the parent had no meaningful opportunity to negotiate its terms.

> [The Contract's terms] **verged on being extortionate** given that it required Parent
> to pay fees 'based on SCHOOL DAYS, whether STUDENT used SERVICES or
> not unless PROVIDER was at fault for STUDENT not utilizing SERVICES.' …
> [Sisters] chose to draft the document in a manner that puts Parent between a rock
> and a hard place because Parent had no other choices for transportation. **Having
> Parent pay transportation costs for days that Student did not use the service
> unjustly enriches Sisters.**

 JR 18-19 (emphasis added).

      The IHO concluded under a quantum meruit analysis, the "amount recoverable will

be based on the reasonable value of services that were provided" and ordered that supporting

documentation to corroborate actual dates of transportation be provided to DOE.  JR 19. As such,

Z.C.'s FOFD ordered Defendants to only pay for transportation actually provided, despite the

language of the contract between Sisters and the parents. JR 22.

      To determine the actual number of days the transportation services were used and

implement Z.C.'s FOFD, DOE requested attendance records for Z.C. for the 2021–2022 school

year to confirm in-person attendance. *See* Joint Letter, dated September 19, 2022 (Dkt. No. 19);

*see* Kapoor Declaration, ¶ 12. On September 9, 2022, Plaintiff's counsel provided attendance

records for Z.C. *See* Joint Letter, dated September 19, 2022, at 2 (Dkt. No. 19). However, the

attendance records as provided did not differentiate between dates Z.C. received at home services

remotely and dates student-plaintiff Z.C. attended school in-person and utilized the transportation

---

https://perma.cc/4AJ3-CNKB). Further, Patrick Donohue is married to Sisters' director
(Ancestry.com, All Results for Patrick B. Donohue, archived at https://perma.cc/VY6T-K6XL;
OpenCorporates.com, Sisters Travel and Transportation Services, LLC, archived at
https://perma.cc/J7SK-8H2S). Moreover, Sisters is registered to the founder's home address
(Smart Background Checks, Patrick Donohue Living in New York, available at
https://tinyurl.com/59zr5y3e (last visited Dec. 9, 2022)).

service. *Id; see also* JR 69-70. As such, on September 12, 2022, Defendants contacted Plaintiffs'
counsel for updated attendance records reflecting dates of in-person attendance. Kapoor
Declaration, ¶ 12; *see also* Joint Letter, dated September 19, 2022, at 2 (Dkt. No. 19). DOE
authorized payment for transportation services, but was awaiting the receipt of updated attendance
records in order to process payments for transportation services actually rendered per the terms of
Z.C.'s FOFD. Kapoor Declaration ¶¶ 10, 15–16. However, on September 15, 2022, DOE issued
payment for transportation services for the full cost billed of $163,500.00 for the 2021–2022
school year in error, an amount that does not differentiate between the days the transportation
service was used and the days it was not used. *Id.* ¶ 11; *see also* Joint Letter, dated September 19,
2022, at 2 (Dkt. No. 19).

        DOE has requested attendance records from iBrain to determine how much should
have been paid, and has consistently not received a response. *See* Kapoor Declaration, ¶ 12. DOE
anticipates that it may need to request that the transportation service provider return the difference
once the final attendance records reflecting in-person attendance are received. *Id.* ¶¶ 13–16. DOE
does so to ensure it is paying for services actually provided, per the terms of the final administrative
order.

        The second issue still in contention is whether DOE is required to pay for 1:1
nursing for the student-plaintiff Y.N. The So-Ordered section of the FOFD does not award Y.N.
nursing services. For the 2021-2022 Y.N.'s FOFD ordered that DOE fund $67,000.00 for tuition,
$50,128.00 for related services provided by iBrain, and special transportation in the amount set
forth in the plaintiff-parent's School Transportation Service Agreement. JR 64. Y.N.'s FOFD also
ordered DOE to fund an independent neuropsychological evaluation at a rate not to exceed
$6,000.00. *Id.* In compliance with Y.N.'s FOFD, DOE issued direct payment to iBrain in the

5

amount of $117,128.00 for tuition and related services, and payment in the amount of $71,038.89 for transportation services. *See* Joint Letter, dated September 19, 2022, at 3 (Dkt. No. 19); *see also* Kapoor Declaration, ¶¶ 17–19. The IHO makes no such monetary order in connection with nursing services, which are billed separately for students attending iBrain. JR 64*; see also* Kapoor Declaration, ¶ 3.

Further, in the original Due Process Complaint ("DPC") filed on behalf of student-Plaintiff Y.N., there is no specific mention of 1:1 nursing services in the Proposed Resolutions section. The section mentions "Reimbursement and/or prospective funding of special education transportation with limited time travel and a transportation paraprofessional, nurse or porter services, as required[.]" However, a nurse in relation to transportation is not the same as the 1:1 nursing now sought. Indeed, Plaintiffs' closing argument at the administrative level also failed to request 1:1 nursing.[3]

Neither party appealed any aspect of either decision. Under the IDEA, "any party aggrieved by the findings of fact and decision" of an IHO "may appeal such findings and decisions to the State educational agency" 20 U.S.C. §1415(g)(1); *see also* 34 C.F.R. 300.514(b)(1); 8 N.Y.C.R.R. 200.5(k). As a result, a party must appeal each issue on which it is aggrieved, even if it is the overall prevailing party, or if the particular issue was not outcome determinative, "[b]ecause the decision of the IHO is 'binding upon both parties unless appealed' to the SRO[.] [P]arties must appeal . . . any adverse findings of the IHO to preserve those arguments." *See M.Z. v. N.Y.C. Dep't of Educ.*, 2013 U.S. Dist. LEXIS 47052, at *17 (S.D.N.Y. Mar. 21 2013) (internal

---

[3] Defendants are willing to file the documents referenced in the underlying administrative record that are not included in the joint record if it would be helpful for the Court to see the entire document. Plaintiffs' counsel has previously agreed over email that they consent to Defendants supplementing the joint record.

citations omitted). Here, Plaintiffs had forty (40) days to appeal the final orders to the SRO, but failed to do so. As neither party appealed the final orders, the decisions are binding. *See Polanco v. Porter*, No. 1:21-cv-10927-MKV, 2023 U.S. Dist. LEXIS 56989, at *2-3 (S.D.N.Y. Mar. 31, 2023) (["A]n appeal of an IHO's decision to an SRO must be initiated … within 40 days of the IHO's decision. 8 N.Y.C.R.R. § 279.4(a)[.]").

Defendants therefore maintain that DOE is in full compliance with the underlying administrative orders, and Plaintiffs' applications for any further funding should be denied.

## ARGUMENT

### POINT I

**DOE IS ONLY REQUIRED TO FUND TRANSPORTATION COSTS ACTUALLY PROVIDED, AS DICTATED BY THE PLAIN LANGUAGE OF Z.C.'S FOFD, AND SO PAYMENT MUST BE CONTINGENT UPON PROOF OF IN-PERSON ATTENDANCE**

By the plain language of the final administrative decision, the IHO ordered only payment for transportation actually provided to Z.C. Defendants remitted the full amount for Z.C.'s transportation, but are entitled to recoup any overpayment from the transportation vendor for days that Z.C. did not attend school in person. To date, Plaintiffs have failed to provide DOE with contemporaneous attendance records that would evidence when the student was actually transported to and from iBrain. *See* Kapoor declaration ¶ 15.

It is beyond reasonable dispute that the language of Z.C.'s FOFD controls DOE's obligation to pay for transportation services. Here, the language plainly states that DOE is only obligated to pay for services for the actual number of days the student was transported. JR 19, 22. As a result, such payment is plainly and expressly contingent on DOE's receipt of some documentation –  in-person attendance records, i.e., "**actual number of days** … [Z.C.] was

transported as supported by certified contemporaneous billing records." – showing that the transportation services were, in fact, actually utilized. That is consistent with the plain language of Z.C.'s FOFD and is the only way to show that services were "actually" provided and, thus, necessary to define the extent of DOE's payment obligations.

Plaintiffs' counsel takes an unavailing, and deeply troublesome position and maintains that not only do records evidencing in-person attendance not exist, but "whether each Student is or is not at the school on any given day is irrelevant." *See* Plaintiffs' Motion for Partial Summary Judgment, at 23 (Dkt. No. 38). This interpretation goes against the plain language of Z.C.'s FOFD that funding be tied to actual transportation used; if the student was not present at the school, the transportation was not used that day, an essential fact to determining DOE's payment obligations.

While "Plaintiffs have a right to the IDEA-guaranteed pendency funding; they do not[] have a right to a blank check. That is, they are not entitled to receive that funding in whatever manner they desire, irrespective of reasonable documentation requirements of the DOE." *Abrams v. Carranza*, No. 20-cv-5085, 2020 U.S. Dist. LEXIS 189292, at *6 (S.D.N.Y. Oct. 13, 2020), *aff'd sub nom. Abrams v. Porter*, No. 20-cv-3899, 2021 U.S. App. LEXIS 36362 (2d Cir. Dec. 9, 2021).  As described in the facts section above, Z.C.'s FOFD explicitly states DOE shall pay for "transportation services for the **actual number of days** from April 2021 to June 2022 Student was transported[.]" JR 22 (emphasis added). Thus, DOE's only obligation is to fund transportation services to the extent transportation was actually used by Z.C. to go to and from iBrain.[4]

---

[4] Further, it is not even clear this case is ripe for federal review. "Ripeness is a constitutional prerequisite to exercise of jurisdiction by federal courts." *Nutritional Health All. v. Shalala*, 144 F.3d 220, 225 (2d Cir. 1998). The FOFD Order of Z.C.'s transportation funding was contingent upon proper documentation to evidence when transportation actually occurred. As such, a federal action under the IDEA to implement the FOFD may be premature because Plaintiffs have not

Principles of equity mandate that DOE should not be compelled to expend taxpayer funds to pay for services that were not rendered; it is apparent that the IH Officer agreed, and thus included specific language linking transportation funding to the actual provision of services, and to in-person attendance. These are not small numbers and are funded by tax payers; DOE issued $163,500.00 for Z.C.'s transportation. Kapoor declaration ¶ 10. When it is unclear how much of this funding was actually awarded at the administrative level, it is equitable to require proof of attendance or remit this payment back to DOE.

The specific mandates pursuant to the FOFD in this case – that DOE fund services actually used – are critical (i) to identify and prevent fraudulent or inappropriate claims of monies owed, (ii) to ensure DOE is aware of whether services are in fact being provided, and (iii) to permit ready identification of circumstances where there has been a change in a student's placement. Wholesale application of the principle that DOE must pay for services irrespective of whether they have been provided would frustrate these reasonable and legitimate goals. This is because an inflexible approach would incentivize providers (i) to intentionally inflate their submissions to DOE the estimated costs of their services and then act with indifference to the actual provision of services because DOE will pay regardless. Indeed, DOE has longstanding policies in place to avoid just that outcome. DOE mandates certain details about awarded services to ensure the services were provided per the terms of the IH Orders. *See Reimbursement to a Parent/Attorney on the*

---

satisfied their obligations under the plain language of the FOFD to secure funding for transportation by providing the necessary documentation. *See Mendez v. Banks*, 65 F.4th 56 (2d Cir. 2023) ("Plaintiffs' claims are therefore unripe: their entitlement to tuition for the remainder of the school year depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all. The DOE must first withhold payments that have actually accrued before Plaintiffs can seek those payments in court.") (internal citations omitted).

*Parent's Behalf*, Impartial Hearing Order Implementation Unit (last visited May 10, 2023), https://infohub.nyced.org/working-with-the-doe/special-education-providers/impartial-hearing-order-implementation-unit.

Further to this point, 8 NYCRR § 104.1, which governs pupil attendance recordkeeping, states that attendance in schools should be recorded for all periods of instruction and account for the whereabouts of the children throughout the school day. Of note, this statute applies to "every public and nonpublic elementary, middle and secondary school in the State of New York." 8 NYCRR § 104.1(a)(2); *see also* Educ. Law § 3211 ("The teacher of every minor required by the provisions of part one of this article to attend upon instruction, or any other school district employee as may be designated by the commissioner of education under section three thousand twenty-four of this chapter, shall keep an accurate record of the attendance and absences of such minor"); *see also Mandated Services Aid/Comprehensive Attendance Policy (MSA-CAP)* N.Y. State Educ. Dep't Website (last visited May 8, 2023), https://www.nysed.gov/nonpublic-schools/mandated-services-aidcomprehensive-attendancepolicy-msa-cap#cap      (regarding mandatory attendance of students for non-public schools).

Thus, iBrain  is required by law to maintain records of student attendance and that Plaintiffs should be compelled to provide them. Plaintiffs' contention that iBrain is a private parental placement, not a school, and so is not bound by the above statutory provisions, is meritless. *See* Plaintiffs' Motion for Partial Summary Judgment, at 23 (Dkt No. 38) ("iBRAIN does not fit within the definition of a 'school' as defined by N.Y. Educ. Law §2-d (McKinney)."). Indeed, such a statement directly contradicts iBrain's own website, that proclaims iBrain to be "an independent, not-for-profit educational organization" that seeks to "ensure the families, and most importantly, our students with brain injury and brain-based disorders have access to a highly specialized

10

educational opportunity . . . ." *See About Us*, iBrain NYC Website (last visited May 8, 2023), https://ibrainnyc.org/about-us. Indeed, the Second Circuit has referred to iBrain as a school when quoting iBrain's own briefing. "Plaintiffs effectively conceded that they would not suffer irreparable harm in their motion for expedited briefing. Mot. to Expedite Appeal at 18*, Mendez v. Banks*, No. 22-2663 (2d Cir. Oct. 31, 2022), Dkt. No. 9 ('Students are not currently suffering the full extent of the irreparable harm stemming from the school system's continued failure and/or inability to provide them with a FAPE **because iBRAIN has allowed the Students to remain in the school.**')." *Mendez v. Banks*, 65 F.4th 56 (2d Cir. 2023) (emphasis added). iBrain cannot have it both ways – hold itself out publicly as a school to gain the unilateral private placements of students then rebrand itself to avoid the legal responsibilities of being a school.

Plaintiffs' focus on attendance records at DOE public schools also only misdirects the Court's attention. *See* Plaintiffs' Motion for Partial Summary Judgment, at 24 (Dkt No. 38) ("Despite its own practices, Defendants disingenuously contend that Plaintiffs must produce more detailed records."). Not only did DOE not offer a remote or hybrid option during the 2021-2022 SY to the vast majority of public-school students; almost all public school students attended in-person full time and did not have the option of attending remotely. As a result, any DOE attendance records necessarily show that the student was in person, as it was the only option. More to the point, Z.C. was not being transported to a DOE school during the relevant time period and so DOE attendance records are irrelevant to the relief rewarded in Z.C.'s FOFD.

To the extent that Plaintiffs argue that a plain reading of Z.C.'s FOFD impermissibly alters the terms of the Plaintiff-parents contract with Sisters, this is simply not the case. *See* Plaintiffs' Motion for Partial Summary Judgment, at 20 (Dkt No. 38). As the IH Officer noted, the contract was one of adhesion and its terms "verged on being extortionate" and were

effectively forced upon the parent as a condition of an iBrain placement for their child. JR 17-18 ("The contract that the [transportation] company required Parent to sign was a contract of adhesion (because the parent had no meaningful opportunity to negotiate any of its terms[.])").

Even if the transportation agreement was a model of fair drafting, Plaintiffs are wrong for a very basic reason – DOE is not a party to the contract between the Parent-plaintiff and Sisters. Plaintiffs' contract with Sisters governs their legal relationship with and the obligations between themselves and Sisters; it does not govern any obligations between DOE and either Plaintiffs or the transportation company because DOE is not a party to that contract. The FOFD established the relationship between Plaintiffs and DOE as it set out DOE's legal obligations regarding funding Z.C.'s transportation to and from iBrain; it had no impact on Plaintiffs' contractual obligations to the transportation company.

Plaintiffs are simply attempting to transfer their liability under their contract with Sisters to DOE. In so doing, Plaintiffs ignore the governing principle that by unilaterally placing the students at iBrain with specialized transportation using Sisters, the Parents bore the financial risk if resolution of the administrative proceedings did not result in their desired relief. *See Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 525 (2d Cir. 2020) ("[W]hen the Parents unilaterally enrolled the Students at iBRAIN, the Parents did so at their own financial risk."). The contract clearly states that the parents will be financially liable if DOE is found not to be. JR 33. The FOFD merely leaves the Plaintiff-parent vulnerable to the contract's unfavorable terms. Simply put, Plaintiffs bore the risk of an adverse ruling from the IHO when they entered into the contract with Sisters.

Finally, Plaintiffs argue DOE's conditioning funding on proof of attendance and, thus, proof of service, has failed in other federal forums. *See* Plaintiff's Motion for Partial

Summary Judgment, at 18 (Dkt. No. 38). This simply misstates the procedural posture or the holdings of those cases. A decision in *Donohue* is still pending before the Court and *Mendez* is not dispositive on the issue when there is such specific language in the underlying Order awarding payment based the actual days transported and referring to the underlying contract as one of adhesion. Similarly, *Abrams* did not construe underlying orders that defined the transportation agreement as contracts of adhesion and ordered Plaintiffs to explicitly pay just for services actually used. *See Donohue v. Banks*, No. 22-cv-8998 (JPC), 2022 U.S. Dist. LEXIS 230121 (S.D.N.Y. Dec. 19, 2022); *Mendez v. Banks*, No. 1:22-cv-08397 (MKV), 2022 U.S. Dist. LEXIS 185866 (S.D.N.Y. Oct. 11, 2022), *aff'd*, 65 F.4th 56 (2d Cir. 2023); *Abrams v. N.Y.C. Dep't of Educ.*, No. 20-CV-5085 (JPO), 2022 U.S. Dist. LEXIS 31105 (S.D.N.Y. Feb. 22, 2022).

In short, Plaintiffs have not provided necessary documentation, and should be directed to do so, after which DOE will seek to recover any overpayment. *See* Kapoor Declaration, ¶¶11–16.  Plaintiffs, or the transportation service company, are not entitled to a potential windfall due to any overpayment, where the hearing officer explicitly linked funding to actual use of transportation services.[5]

## POINT II

### THE FINAL ADMINISTRATIVE DECISION, BY ITS PLAIN LANGUAGE, DID NOT AWARD NURSING AND PLAINTIFF DID NOT APPEAL THIS DECISION

Plaintiffs' claim that Y.N is entitled to nursing services for the 2021-2022 school year is simply erroneous. Pursuant to the plain language of Y.N.'s July 20, 2022 FOFD, DOE was

---

[5] Pending the Court's ruling, DOE will seek a return of the difference of payment issued based on actual use of the services.

only directed to fund tuition for Y.N.'s 2021-2022 placement at iBrain in the amount of $67,000.00; related services in the amount of $50,128.00; special transportation in the amount set forth in the School Transportation Service Agreement; and an independent neuropsychological evaluation of the Student not to exceed $6,000.00. JR 64. Noticeably absent from this Order is any finding that Y.N. is entitled to 1:1 nursing services or any directive for DOE to pay for such services. *Id.*

Contrary to Plaintiffs' argument, Y.N.'s FOFD is quite clear and specific in its directives, and assigned monetary values to them. The IHO separately ordered the funding of transportation services, which, like nursing services, are billed separately from tuition and are additional costs at iBrain. Kapoor Declaration, ¶ 3. The IHO specifically awarded the additional costs of transportation, but not the additional costs of nursing, and this cannot be seriously disputed. To the extent the service of nursing was referenced in the underlying record, it does not follow that the issue was properly argued or that the IHO chose to award the service, which he clearly did not based on the plain language of Y.N.'s FOFD. Plaintiffs' papers concede that any cost of nursing was never discussed and that no evidence was submitted in regards to that cost. *See* Plaintiff's Motion for Partial Summary Judgment, at 12 (Dkt. No. 38). In contrast, evidence was submitted in connection with tuition and special transportation costs, and the IHO relied on these documents when awarding itemized and specific relief. While Plaintiffs' papers make much of the fact that nursing was referenced in testimony during the underlying administrative proceeding, *see* Plaintiff's Motion for Partial Summary Judgment, at 12 -13 (Dkt. No. 38), Plaintiffs fail to mention that any reference to 1:1 nursing for Y.N. was absent from their closing briefs at the same proceeding, argument the IH Officer would consider heavily in making a final ruling.

14

Notably, neither Plaintiffs' Complaint or Due Process Complaint in relation to Case No. 225739 allege Y.N. is entitled to the additional cost of 1:1 nursing services in addition to her iBrain tuition. The Due Process Complaint's "proposed resolution" do not seek the relief of 1:1 nursing. It is well settled that the scope of the impartial hearing is limited to the issues raised in the Due Process Complaint. 8 NYCRR 200.5 § (j)(l)(ii); 20 U.S.C. § 1415(F)(3)(B); *R.C. v. Byram Hills Sch. Dist.*, 906 F. Supp. 2d 256, 268-69 (S.D.N.Y. 2012); *B.P. v. New York City Dep't of Educ.*, 841 F. Supp. 2d 605, 611 (E.D.N.Y. 2012). Any issues or allegations not contained within the four corners of the Due Process Complaint are not to be considered. *Byram Hills Sch. Dist.*, 906 F. Supp. 2d at 268-69. As such, this untimely attempt to raise the issue of 1:1 nursing should be dismissed as waived.

Similarly, the Complaint, which explicitly seeks nursing funding for Z.C., omits any similar requested relief for Y.N. *See* Complaint, ¶¶ 105, 112. *Cf.* Complaint ¶¶ 49, 56, 63–64 (Dkt. No. 1). Far from this relief being specifically requested, it was at best inconsistently referenced in the underlying administratively proceeding and not at all in the Complaint for Y.N..

Plaintiffs' papers make much of the fact that related services were awarded in Y.N.'s FOFD. *See id.*, at 8-11 (Dkt. No. 38). Particularly, Plaintiffs argue that related services should be read to include nursing services. This argument conveniently fails to read the entire sentence of the FOFD. The Order awarded "related services in the amount of $50,128.00[.]" Again, nursing services are billed separately from iBrain's base tuition and the IHO would have needed evidence submitted at the administrative hearing on how that cost would have inflated the award for related services. Kapoor Declaration, ¶ 3. Indeed, the IHO separately discussed Y.N.'s related services provided by iBrain, namely occupational therapy, physical therapy, and assistive technology. Nursing was not included. JR 52-58.

15

Finally, Plaintiffs had forty (40) days to appeal the final order to the SRO, but failed to do so. As such, the decision of the IHO is binding upon both parties. *See* N.Y. Educ. Law § 4404(1)(c) ("The decision of the impartial hearing officer shall be binding upon both parties unless appealed to the state review officer."). Pursuant to the final order, Plaintiffs were not awarded funding for nursing and cannot seek additional relief while bypassing the appropriate administrative channels. Indeed, Plaintiffs have failed to exhaust their administrative remedies by bringing a federal action rather than appealing the IHO's denial of 1:1 nursing to the SRO. "The failure to appeal an IHO's decision to the SRO constitutes a failure to exhaust administrative remedies under the IDEA and requires dismissal." *D.A.B. v. N.Y.C. Dep't of Educ.*, 45 F. Supp. 3d 400, 405 (S.D.N.Y. 2014). "A plaintiff's failure to exhaust administrative remedies under the IDEA deprives a court of subject matter jurisdiction." *Polera v. Bd. of Educ.*, 288 F.3d 478, 483 (2d Cir. 2002)

Any attempt to undermine the final award simply because it is unfavorable to them should be disregarded. Simply, the IHO made a determination thereafter regarding the appropriate relief to be awarded and specifically omitted nursing payments. Plaintiffs failed to appeal this FOFD and so it is binding on the parties.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request that the Court grant its motion for partial summary judgment in its entirety and enter judgment in its favor and such other and further relief as this Court deems just and proper.

Dated:        May 10, 2023
              New York, New York

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street
New York, NY 10007
t: (212) 356-2083

By:      /s/                                        
         Marilyn Richter
         *Assistant Corporation Counsel*

17